UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID LAMARR LOVE,            )
                              )
       Plaintiff,             )
                              )
v.                            )     CV422-112
                              )
FOOD LION, LLC,               )
                              )
       Defendant.             )

# ORDER

Plaintiff David Lamarr Love, proceeding *pro se*, has submitted a Complaint alleging that a Food Lion employee discriminated against him in violation of his civil rights. *See generally* doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. Due to several inconsistencies and ambiguities in his IFP application, discussed below, the Court is unable to definitively conclude that Love is indigent. He is, therefore, **DIRECTED** to supplement his IFP application within 14 days from the date of entry of this Order.

Love's IFP application indicates that he received, on average, $1,020 monthly during the past 12 months. Doc. 2 at 1-2. According to Love, $830 of that amount came from "Retirement," which might include

1

"social security, pensions, annuities, [or] insurance," and $190 per month came from "Public-assistance (such as welfare)." *Id.* at 2. He further indicates that he only has one monthly expense each month – a "rent or home mortgage payment" of $275. *Id.* at 4. Despite showing that he has an income of $1,200 per month, and no other expenses other than $275 per month for his residence, *id.* at 4-5, he also indicates he has zero assets and zero cash, *id.* at 2-3. If his application is correct, subtracting his monthly expense of $275 would leave him with $745 of disposable income each month, or $8,940 in total over the last 12 months. That does not include the $9,000,000 he contends is owed to him by the City of Richmond Hill,[1] or the $6,750,000 he contends is owed to him by the Department of Homeland Security. *Id.* at 3.

The ambiguities and inconsistencies of Love's IFP application make it impossible for the Court to conclude that he is indigent. Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no

---

[1] The case he cites, presumably as the basis of the alleged debt, was dismissed in 2018. *See Love v. City of Richmond Hill*, CV418-122, doc. 12 (S.D. Ga. Sept. 10, 2018), *adopted* doc. 15 (S.D. Ga. Oct. 9, 2018).

financial skin in the game,[2] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).

To that end, the Court tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of*

---

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, inter alia, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

*North America*, LLC, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3] Plaintiff's application for IFP status contains apparent inconsistencies. He, therefore, must properly fill out his application to proceed IFP, answering all presented questions.[4]

---

[3] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n.2 (S.D. Ga. 2012) (collecting sanction cases).

[4] A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

Love is, therefore, **DIRECTED** to file a supplemental application to proceed IFP within fourteen days from the date of entry of this Order. The Clerk of Court is **DIRECTED** to include with this Order a copy of the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO239), and Love is **DIRECTED** to file his supplemental application again using this long form. In completing the supplemental application, he must answer every question to the best of his ability. If he lacks the requested information, he should reflect the lack of knowledge in his response and provide his best estimation of the requested amount. Failure to comply with this Order may result in a recommendation that his case be dismissed. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 24th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA