# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

DAVID LAMARR LOVE,         )
                               )
        Plaintiff,         )
                               )
v.                       )           CV422-112
                               )
FOOD LION, LLC,           )
                               )
        Defendant.    )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff David Lamarr Love has filed "this 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988 actions [sic] against the Food Lion, LLC . . . ." Doc. 1 at 6. He sought leave to pursue this case *in forma pauperis*. Doc. 2. Because of several ambiguities in the financial information submitted in support of that motion, the Court directed him to supplement it. *See* doc. 4. He has complied. Doc. 5. Based on the supplemental information, it appears that Love is indigent. Accordingly, his requests to proceed *in forma pauperis* are **GRANTED**. Docs. 2 & 5. The Court will, therefore, proceed to screen the Complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Bell Atl. Corp.*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

## I.    Background

Love alleges that in March 2022, he visited a Food Lion grocery store in Savannah, Georgia.  Doc. 1 at 9.  An unidentified individual, who

Love contends identified himself as the owner of the store, "walked over and started to rummage through Love['s] bags . . . ." *Id.* Love alleges that the individual yelled at him, "terroriz[ed]" him by threatening to call police, and tried to block Love from leaving the store. *Id.* Based on that conduct Love alleges that both the unidentified individual, and the entity, Food Lion, LLC,[1] "have taken advantage of Love['s] disabilities and ignorance of legal process and have deceived Love." *Id.* at 10. He further contends that the entity and the unidentified individual "while in disguise used studied concealment and misrepresentation to trade places with Love by making themselves the beneficiaries and Love the trustee." *Id.* He seeks $2,500,000 in damages. *Id.*

## II.   42 U.S.C. § 1983 Claim

To prevail on a § 1983 cause of action, a plaintiff must show that a wrongful act "(1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v.*

---

[1]   There is some ambiguity as to the defendants Love intended to name in his Complaint. The caption lists "Food Lion, LLC, *et al.*," *see* doc. 1 at 1, but the only defendant specifically identified is Food Lion, LLC, *id.* at 2. In an attachment to the form complaint, Love lists both Food Lion, LLC and "Unknown Food Lion Agent," as defendants. *See* doc. 1 at 6. The Court has construed Love's Complaint to assert claims against both the entity and the unidentified individual.

*Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  The law is clear that "the under-color-of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).  "Only in rare circumstances can a private party be viewed as a 'State actor' for section 1983 purposes." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey*, 949 F.2d at 1130) (internal alteration omitted).  Indeed, a private entity can qualify as a "state actor" under § 1983 only if one of the following three tests is satisfied: (a) a "state compulsion test," wherein the state has coerced or significantly encouraged the violative conduct; (b) a "public function test," wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; or (c) a "nexus/joint action test," wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise. *Rayburn*, 241 F.3d at 1347.

There is no allegation in the Complaint that Food Lion, LLC or the unidentified individual were state actors, for purposes of § 1983.[2] Accordingly, Love has failed to state a claim upon which relief can be granted, pursuant to § 1983.   That claim should, therefore, be **DISMISSED**.   *See* 28 U.S.C. § 1915(e)(2)(B).

### III.   42 U.S.C. § 1985 Claim

To support a § 1985 claim, plaintiffs must allege facts showing: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) that a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.   *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997). To show a conspiracy, a plaintiff must allege facts showing that the

---

[2]  To the extent that Love may contend that the unidentified individual's threat to call police, *see* doc. 1 at 9, amounts to "state action," he is mistaken.  *See, e.g., Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) ("[P]rivate businesses that call the police do not transform themselves into state actors.")

defendants actually agreed to inflict a wrong. *See Lenard v. Argento*, 699

F.2d 874, 882 (7th Cir. 1983). As the Eleventh Circuit has explained:

> The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal. *Bailey v. Board of County Com'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir.1992). Furthermore, where a plaintiff merely alleges "conclusory, vague, and general allegations of conspiracy," dismissal of the conspiracy claim may be proper. *Kearson v. Southern Bell Telephone & Telephone Co.*, 763 F.2d 405, 407 (11th Cir.1985).

*Mickens v. Tenth Judicial Cir.*, 181 F. App'x 865, 876 (11th Cir. 2006).

Love's Complaint is entirely devoid of any alleged facts even

suggesting an agreement to deprive him of equal protection of the laws

or his constitutional rights. *See generally* doc. 1. The closest he comes is

the allegation that the unidentified individual's "intentional actions

while working under [Food Lion, LLC's] policies and procedures

obstructed and denied Love[,] a protected Indigenous person[,] to his

guaranteed due process immunities and protections under the

[C]onstitution of the United States of America." *Id.* at 8. To the extent

that the allegation is comprehensible, it is wholly conclusory and

insufficient to allege an "actual agreement" between the two defendants.

Even if there were a clearer allegation of an agreement between the

individual and the entity, Love's allegations that the unidentified individual is an "agent" of the entity, *see, e.g.,* doc. 1 at 6, preclude the possibility that the two could "conspire," in violation of § 1985. *See Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 768-69 (11th Cir. 2000); *see also Gibson-Carter v. Rape Crisis Cntr.*, 2020 WL 2815122, at *26 (S.D. Ga. May 29, 2020) ("Under the intracorporate conspiracy doctrine, a corporation's officers, directors or employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation."). Love's § 1985 claim should, therefore, be **DISMISSED**.

## IV.   42 U.S.C. § 1988 Claim

To the extent that Love asserts a claim pursuant to 42 U.S.C. § 1988, such a claim fails for the simple reason that the statute "authorizes attorney's fees as part of a remedy for violations of civil rights statutes; it does not create an independent right of action." *Estes v. Tuscaloosa Cnty., Ala.*, 696 F.2d 898, 901 (11th Cir. 1983); *see also, e.g., Martin v. Internal Revenue Service*, 2021 WL 6753932, at *2 (M.D. Ga. Dec. 10, 2021) ("To the extent Plaintiff seeks to raise a separate § 1988 claim, it should be dismissed."). Section 1988 has even less application

in Love's case than it might have elsewhere.  Love is proceeding *pro se*, he cannot recover fees, even if he were to prevail on some underlying claim.  *See Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that *pro se* plaintiffs, even licensed attorneys, may not recover fees under § 1998 when proceeding *pro se*).  Accordingly, any independent claim Love asserts pursuant to § 1988 should be **DISMISSED**.

## V.    Executive Order 13107

The Complaint asserts that this Court's jurisdiction is based, in part, on "Executive Order 13107."  *See* doc. 1 at 3.  Love discusses the Executive Order under the heading "Nature of the Case."  *See id.* at 7-8. It is not clear whether he intends for that discussion to constitute an asserted basis for relief.  The Executive Order in question establishes responsibilities of "executive departments and agencies" to "maintain current awareness of United States international human rights obligations . . . ."  Exec. Order No. 13107, 63 Fed. Reg. 68,991 (Dec. 10, 1998).  That Executive Order, however, expressly states "[n]othing in this order shall create any right or benefit, substantive or procedural, enforceable by any party against the United States, its agencies or instrumentalities, its officers or employees, or any other person."  63 Fed.

Reg. 68,993.  To the extent that Love intended to assert an independent claim pursuant to the Executive Order, that claim should be **DISMISSED** as frivolous.  *Cf. Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a claim "is frivolous where it lacks an arguable basis either in law or fact.").

In summary, Love's Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §§ 1983 or 1985.  Section 1988 does not provide an independent cause of action, so Love's assertion of that statute also fails to state a claim upon which relief can be granted. Finally, to the extent that he asserts a claim based upon Executive Order 13107, any such claim is frivolous.  Since it states no viable claim, Love's Complaint should be **DISMISSED**.[3]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party

---

[3] Though a *pro se* plaintiff normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Love's claims do not appear amendable.  Nevertheless, Love is free to submit an Amended Complaint within the fourteen-day objections period, discussed below, if he believes he can address the defects in his pleading.

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 9th day of June, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA